IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

<table>
<tr><td>NASSER EMAMI DMD DDS, INC. n/k/a<br>NASSER EMAMI HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>SENTINEL INSURANCE COMPANY,<br>LTD. d/b/a THE HARTFORD; DYSTE<br>WILLIAMS AGENCY; and NELS E.<br>DYSTE,<br><br>        Defendants.</td><td>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§</td><td>**5:26-CV-59**<br>Case No.: _____<br><br>Judge: ____**Bailey**____<br><br>Removed from the Circuit Court of<br>Hancock County, West Virginia, Case No.<br>CC-15-2026-C-16</td></tr>
</table>

## NOTICE OF REMOVAL

Defendant Sentinel Insurance Company, Ltd. ("Sentinel"), for the purpose only of removing this cause to the United States District Court for the Northern District of West Virginia, respectfully states:

1.     Plaintiff Nasser Emami DMD DDS, Inc. n/k/a Nasser Emami Holdings, LLC ("Plaintiff") filed this action in the Circuit Court of Hancock County, West Virginia, Case No. CC-15-2026-C-16, on February 11, 2026.  Plaintiff asserted claims against Sentinel sounding in alleged breach of contract, breach of the duty of good faith and fair dealing, violations of the West Virginia Unfair Trade Practices Act, W. Va. Code § 33-11-4(9) ("UTPA"), and promissory estoppel, all related to Sentinel's handling and assessment of an insurance claim submitted by Plaintiff to Sentinel in early 2025 for damages to insured property located in the state of West Virginia, located at 3129 Pennsylvania Avenue, Weirton, WV 26062.

2.     Plaintiff additionally brings claims against its insurance broker, Dyste Williams Agency and Nels E. Dyste (hereinafter, the "Dyste Defendants") for sounding in negligence,

justifiable reliance, and promissory estoppel, in connection with Plaintiff's insurance policy and the loss event in question.

3.      Plaintiff requests compensatory damages, punitive damages, attorney's fees and costs, pre and post-judgment interest, and equitable relief.

4.      Sentinel was served or provided a copy of Plaintiff's Complaint on February 17, 2026.  Upon information and belief, pursuant to docket records of the state court action in this matter, the Dyste Defendants were served on or about February 23, 2026.  Sentinel hereby removes this case to this Court based upon diversity jurisdiction, as more fully described below.

**GROUNDS FOR REMOVAL**

5.      This action is removable under 28 U.S.C. §§ 1332(a), 1441, and 1446 because, as described below, this action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## I.  DIVERSITY REQUIREMENT

6.      This action is between citizens of different states.

7.      As alleged by Plaintiff, and upon information and belief: (i) Nasser Emami DMD DDS, Inc., to whom Sentinel issued its policy, was an Ohio corporation with its principal place of business in Ohio, while (ii)  Nasser Emami Holdings, LLC is a limited liability company organized under the laws of the state of Ohio.  See Ex. 2-A, Complaint, at ¶ 1.  Upon information and belief, Plaintiff at all time has had its principal place of business in Ohio.  Upon information and belief, Nasser Emami is the sole member of Nasser Emami Holdings, LLC, and is an individual residing in the state of Ohio.

8.      Defendant Sentinel is a corporation organized under the laws of the state of Connecticut, with a principal place of business in the state of Connecticut.

2

9.      As alleged by Plaintiff, and upon information and belief, Defendant Dyste Williams Agency is a corporation organized under the laws of the state of Minnesota, with a principal place of business in the state of Minnesota.  See id. at ¶ 6.

10.      Upon information and belief, Defendant Nels E. Dyste is an individual residing in the state of Minnesota.

11.      Accordingly, there is diversity among all Plaintiff and Defendants, and removal is proper under 28 U.S.C. § 1332(a).

## II.  AMOUNT IN CONTROVERSY REQUIREMENT

12.      Plaintiff's Complaint does not specify a specific amount of damages requested. See, e.g., Ex. 2-A, Complaint, at page 19 (Wherefore Clause A), seeking:

> Compensatory Damages, in an amount to be determined at trial, but in excess of the jurisdictional minimum of this Court, including but not limited to insurance proceeds wrongfully withheld under the policy, out-of-pocket repair and restoration costs, consequential and incidental damages, including those arising from delayed repairs, mitigation efforts, travel, and supervision; business interruption losses and loss of use of the Property; depreciation in the market value of the Property; and damages for aggravation, inconvenience, and emotional distress.

Id.

13.      "If the complaint does not contain a specific amount of damages or amount in controversy, 'the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000].'"  Freeport Gas Coal Tr. v. Harrison Cnty. Coal Res., Inc., 662 F. Supp. 3d 594, 599 (N.D.W. Va. 2023) (citing Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013)).  See also Zink v. Doe, 2014 WL 1725812, at *2 (N.D.W. Va. May 1, 2014) ("In order to meet the preponderance of the evidence standard and establish that removal is proper, a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount.").  This Court is not limited to merely the allegations in a complaint to

determine the amount in controversy, and may consider other evidence and proofs submitted by either party:

> A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required ... only when the plaintiff contests, or the court questions, the defendant's allegation."  Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 190 L.Ed.2d 495 (2014). "To resolve doubts regarding a defendant's asserted amount in controversy, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'"  Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 194 (4th Cir. 2017) (quoting Dart, 574 U.S. at 88, 135 S.Ct. 547).  The determination of whether the amount in controversy is satisfied is left to the Court's "common sense." Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D.W. Va. 1994).

Freeport Gas Coal Tr., 663 F. Supp. 3d at 599.  The Court is entitled to "consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum." Allman v. Chancellor Health Partners, Inc., CIV A 5:08CV155, 2009 WL 514086, at *1 (N.D.W. Va. Mar. 2, 2009).  In doing so, "the court is not required to 'leave common sense behind' when determining the amount in controversy." Id. (citing Mullens v. Harry's Mobile Homes, 861 F.Supp. 22, 24 (S.D.W.Va.1994)).

14.     The Court may consider pre-suit demands in assessing the amount in controversy. See, e.g., Jersey Subs, Inc. v. Sodexo Am., LLC, 1:18CV191, 2019 WL 208882, at *3 (N.D.W. Va. Jan. 15, 2019) (considering a pre-suit demand letter while determining that the amount in controversy was met); Harmon v. State Farm Fire & Cas. Co., No. CV 3:24-0361, 2024 WL 4544134, at *1 (S.D.W. Va. Oct. 22, 2024) (considering repair estimate in determining that amount in controversy was met); Roos v. Standard Fire Ins. Co., No. 3:24-CV-01022-MOC-SCR, 2025 WL 2977059, at *3 (W.D.N.C. Sept. 15, 2025) (same).

15.     Prior to this notice of removal, Plaintiff provided a letter dated April 6, 2025 to the Dyste Defendants, which was then forwarded to Sentinel, demanding that Sentinel pay two

4

invoices with respect to Plaintiff's insurance claim at the center of this matter.  The dollar amount of the two invoices was $147,000.00 and $12,962.52, respectively.  See Ex. 3, attached hereto. The gravamen of Plaintiff's complaint is that Sentinel denied coverage for certain water damage under the Policy's vacancy exclusion, which excludes coverage for damage when the insured property is not being used for its listed customary operations.  Plaintiff claims that it had notified its insurance broker of a change in its customary operations, but that the insurance broker failed to make necessary changes to the Policy to account for the change.  On the basis of the exclusion, Sentinel denied payment of Plaintiff's damages, to include the submitted invoices.  Insofar as Plaintiff contends that the two estimates should have been covered, and instead allegedly were wrongly denied coverage, the combined value of these two repair estimates establishes by a preponderance of the evidence that the amount in controversy with respect to this dispute exceeds the jurisdictional $75,000 amount in controversy requirement.

16.    In addition to the estimates that establish the jurisdictional amount in controversy is exceeded by a preponderance of the evidence, Plaintiff has also asserted a request for attorney's fees in the complaint.  See Ex. 2-A, Complaint, at ¶¶ 77, 88, and page 19 (Wherefore Clause subsection D).  This Court is permitted to consider a request for attorneys' fees under Hayseeds, Inc. v. State Farm Fire & Cas., 177 W.Va. 323, 352 S.E.2d 73 (1986), and W.Va. Code § 33-11-4(9), when determining the amount in controversy.  See Cerra v. USAA Cas. Ins. Co., 5:21-CV-43, 2021 WL 11723143, at *3 (N.D.W. Va. July 8, 2021) (considering a plaintiff's request for attorney's fees in determining the amount in controversy was met).  For example, in Cerra, the court considered and applied 1/3rd of the available policy limits to the amount in controversy as a reasonable value for plaintiff's request for attorneys' fees.  See Cerra, 2021 WL 11723143, at *3.

Here, Plaintiff's insurance policy contains a limit for Building damage of $895,200, and Business Personal Property coverage up to $381,000.  See Ex. 1, Policy, at Form SS 00 02 12 06, page 4.

17.     Finally, Plaintiff additionally requests punitive damages, alleging Sentinel acted with "actual malice" against Plaintiff.  See Ex. 2-A, Complaint, at ¶¶ 72, 77.  "Under West Virginia law, punitive damages are recoverable in actions for statutory bad faith claims against the insurer pursuant to West Virginia Code § 33–11–4(9)."  Kenney v. Indep. Order of Foresters, 3:12-CV-123, 2012 WL 6149171, at *4 (N.D.W. Va. Dec. 11, 2012) (considering value of claim for punitive damages in considering amount in controversy, and denying motion to remand).  See also Cerra, 2021 WL 11723143, at *4 (same).  "In awarding punitive damages, the ratio of punitive damages to compensatory damages can be as much as a single digit."  Kenney, 2012 WL 6149171, at *4.  See also Coleman v. Wicker, No. 2:11-00558, 2012 WL 1111465, at *3 (S.D.W. Va. Mar. 30, 2012) (applying a one-half multiplier to the value of the punitive damages claim, and noting that single digit multipliers have been found to be "presumptively valid.").  Plaintiff's claim for punitive damages therefore may additionally be considered in finding that the amount in controversy is met.

18.     Accordingly, because the diversity of citizenship and amount in controversy requirements are met, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

## III.  PROCEDURAL REQUIREMENTS

19.     **State Court Record.**  Copies of the pleadings and process filings from the removed state-court action are attached as Exhibit 2.  See 28 U.S.C. § 1446(a).

20.     **Removal to Proper Court:**  This Court is the appropriate court to which this action must be removed because it is part of the district and division within which this action is pending, namely, Hancock County, West Virginia.  See 28 U.S.C. §§ 1441(a), 1446(a).

6

21.    **Removal is Timely.**  Removal is timely under 28 U.S.C. § 1446(b), as Sentinel has removed this case to federal court within thirty (30) days of Sentinel being served with the Complaint on or about February 17, 2026. See Exhibit 2 at 2-C.

22.    **Consent of Served Defendants**. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants (Sentinel and the Dyste Defendants) consent to this Notice of Removal.  See Ex. 4, Notice of Consent for Removal of Defendants Dyste Williams Agency and Nels E. Dyste.

23.    **Notice.**  As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed in the Circuit Court of Hancock County, West Virginia, Case No. CC-15-2026-C-16, and served on Plaintiff, the Dyste Defendants, and all counsel of record.

**RELIEF REQUESTED**

WHEREFORE, Sentinel respectfully requests that the action pending in the Circuit Court of Hancock County, West Virginia, Case No. CC-15-2026-C-16, be removed to the United States District Court for the Northern District of West Virginia, and that this Court assume jurisdiction of the matter.

Respectfully submitted,

/s/ David L. Wyant
David L. Wyant
W.Va. State Bar ID 4149
Bailey & Wyant P.L.L.C.
1219 Chapline Street
Wheeling, WV 26003
304.233.3100
304-233-3100 x 112
dwyant@baileywyant.com

*Attorney for Defendant Sentinel Insurance Company, Ltd.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below via e-mail, United States mail, and/or the CM/ECF system on March 19, 2026.

*Carl A. Frankovitch, Esq.*
*Adriana C. DilVlatteis, Esq.*
*FRANKOV1TCH, ANETAKIS, SIMON,*
*DECAPIO & PEARL, LLP*
*337 Penco Road*
*Weirton, WV 26062*
*(304) 723-4400*

*Attorneys for Plaintiff*

*Melvin F. O'Brien, Esq.*
*Rachel E. Lutz, Esq.*
*2001 Main Street, Suite 501*
*Wheeling, WV 26003*
*Phone: 304 233-1022*
*Fax: 888-811-7144*
*mobrien@dmclaw.com*
*rulutz@dmclaw.com*

*Defendants Dyste Williams Agency and Nels E. Dyste*

<u>/s/</u> David L. Wyant
*Attorney for Defendant Sentinel Insurance Company, Ltd.*

8