# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NASSER EMAMI DMD DDS, INC. n/k/a §
NASSER EMAMI HOLDINGS, LLC, §
§
        Plaintiff, §   Case No.: _____
§
v. §
§   Judge: _____
§
SENTINEL INSURANCE COMPANY, §
LTD. d/b/a THE HARTFORD; DYSTE §
WILLIAMS AGENCY; and NELS E. §   Removed from the Circuit Court of
DYSTE, §   Hancock County, West Virginia, Case No.
§   CC-15-2026-C-16
§
        Defendants. §

## EXHIBIT 2 - INDEX OF STATE COURT DOCUMENTS

A.  Plaintiff's Original Complaint; Civil Case Information Sheet; and Summons, filed 02/11/2026;

B.  Issuance of Service, filed 2/12/2026;

C.  Service Return – Sentinel Insurance Company, Ltd., filed 2/23/2026, noting service on 2/17/2026;

D.  Service Return – Dyste Williams Agency., filed 2/23/2026, without date of service;

E.  Service Return – Nels E. Dyste., filed 2/23/2026, without date of service;

F.  Stipulation Extending Time To Respond to Complaint, filed 3/17/2026.

# EXHIBIT 2-A



West Virginia E-Filing Notice

CC-15-2026-C-16

Judge: Joseph E. Barki

**To:**  Carl Frankovitch
CFRANKOVITCH@FASLAW.COM

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

Nasser Emami DMD DDS, Inc. v. SENTINEL INSURANCE COMPANY, LTD.

CC-15-2026-C-16

The following complaintwas FILED on 2/11/2026 5:06:59 PM

Notice Date:      2/11/2026 5:06:59 PM

Sheena R. Connors

CLERK OF THE CIRCUIT COURT

Hancock County

PO Box 428

NEW CUMBERLAND, WV 26047

(304) 564-3311

Sheena.Connors@courtswv.gov



West Virginia E-Filing Notice

CC-15-2026-C-16

Judge: Joseph E. Barki

**To:** SENTINEL INSURANCE COMPANY, LTD.
c/o CT Corporation System
5098 Washington St. West, Ste. 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

Nasser Emami DMD DDS, Inc. v. SENTINEL INSURANCE COMPANY, LTD.

CC-15-2026-C-16

The following complaintwas FILED on 2/11/2026 5:06:59 PM

Notice Date:      2/11/2026 5:06:59 PM

Sheena R. Connors

CLERK OF THE CIRCUIT COURT

Hancock County

PO Box 428

NEW CUMBERLAND, WV 26047

(304) 564-3311

Sheena.Connors@courtswv.gov



West Virginia E-Filing Notice

CC-15-2026-C-16

Judge: Joseph E. Barki

**To:** Dyste Williams Agency
6465 Wayzata Blvd #700
Minneapolis, MN 55426

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA
Nasser Emami DMD DDS, Inc. v. SENTINEL INSURANCE COMPANY, LTD.
CC-15-2026-C-16

The following complaintwas FILED on 2/11/2026 5:06:59 PM

Notice Date:     2/11/2026 5:06:59 PM

Sheena R. Connors
CLERK OF THE CIRCUIT COURT
Hancock County
PO Box 428
NEW CUMBERLAND, WV 26047

(304) 564-3311
Sheena.Connors@courtswv.gov



West Virginia E-Filing Notice

CC-15-2026-C-16

Judge: Joseph E. Barki

**To:**  Nels E. Dyste
6465 Wayzata Blvd #700
Minneapolis, MN 55426

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA
Nasser Emami DMD DDS, Inc. v. SENTINEL INSURANCE COMPANY, LTD.
CC-15-2026-C-16

The following complaintwas FILED on 2/11/2026 5:06:59 PM

Notice Date:      2/11/2026 5:06:59 PM

Sheena R. Connors
CLERK OF THE CIRCUIT COURT
Hancock County
PO Box 428
NEW CUMBERLAND, WV 26047

(304) 564-3311
Sheena.Connors@courtswv.gov

E-FILED | 2/11/2026 5:06 PM
CC-15-2026-C-16
Hancock County Circuit Clerk
Sheena R. Connors

**IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA**

NASSER EMAMI DMD DDS, INC.
n/k/a NASSER EMAMI HOLDINGS, LLC

        Plaintiffs,

vs.

SENTINEL INSURANCE COMPANY,
LTD. d/b/a THE HARTFORD,
DYSTE WILLIAMS AGENCY, and
NELS E. DYSTE,

        Defendants.

Civil Action No.:

Judge:

## COMPLAINT

NOW COMES the Plaintiff, Nasser Emami DMD DDS, Inc. n/k/a Nasser Emami Holdings, LLC (hereinafter "Plaintiff") by and through the undersigned counsel, and hereby files this Complaint against the Defendants, Sentinel Insurance Company, LTD. d/b/a The Hartford, Dyste Williams Agency, and Nels E. Dyste. In support hereof, Plaintiff states and avers as follows:

## PARTIES

1.      Plaintiff, Nasser Emami DMD DDS, Inc. now known as Nasser Emami Holdings, LLC, is a limited liability company organized under the laws of the State of Ohio and licensed to conduct business in the State of West Virginia.

2.      At all relevant times herein, Plaintiff was the owner of the commercial property located at 3129 Pennsylvania Avenue, Weirton, West Virginia (the "Property"), which is the subject of this action, and was the named insured under the relevant commercial property insurance policy.

3.      At all relevant times, Plaintiff operated and utilized the Property in connection with dental practice functions and related business activities.

4.    Defendant Sentinel Insurance Company, Ltd., d/b/a The Hartford (hereinafter "Hartford") is an insurance company incorporated under the laws of the State of Connecticut and licensed to conduct business in West Virginia.

5.    Defendant Hartford issued the commercial property insurance policy insuring the Property and is therefore responsible for coverage determinations and claim payments under the policy.

6.    Upon information and belief, Defendant Dyste Williams Agency ("Dyste Williams") is an insurance brokerage firm organized under the laws of the State of Minnesota that at all relevant times was engaged in the business of procuring insurance policies for customers, including Plaintiff, in West Virginia.

7.    Defendant Dyste Williams, through its agents, solicited and procured the Hartford policy for Plaintiff and served as Plaintiff's insurance agent and broker.

8.    Defendant Dyste Williams directly and indirectly did business in West Virginia by insuring West Virginia property and advising a West Virginia insured.

9.    Defendant Nels E. Dyste is an individual who, upon information and belief, is a licensed insurance producer and a principal or employee of Dyste Williams.

10.    Defendant Nels E. Dyste was the primary insurance agent handling Plaintiff's policy through Hartford.

11.    At all relevant times herein, Defendant Nels E. Dyste communication with Plaintiff regarding their insurance needs and acted within the scope of his employment or agency with Defendant Dyste Williams.

12.    Defendant Nels E. Dyste is being sued both in his individual capacity and as an agent or employee of Dyste Williams and Hartford.

13. Defendants Dyste Williams and Nels E. Dyste are sometimes jointly referred to herein as the "Dyste Defendants."

## JURISDICTION AND VENUE

14. Plaintiff hereby incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint as if fully restated herein.

15. This Court has original and general jurisdiction over this matter pursuant to W. Va. § 51-2-2.

16. This Court has personal jurisdiction over all Defendants. Defendant Hartford is licensed to insure risks in West Virginia and transacts insurance business in West Virginia, including issuing the policy at issue covering West Virginia property. Defendants Dyste Williams and Nels E. Dyste likewise transact business in West Virginia by procuring and servicing insurance for a West Virginia insured property, and they knowingly directed insurance services and communications to Plaintiff in West Virginia.

17. Venue is proper in Hancock County, West Virginia under W.Va. Code § 56-1-1 and West Virginia law because the cause of action arose in Hancock County. The insured Property that suffered damage is located in Hancock County, and many of the acts and omissions giving rise to this claim occurred in or were directed to Hancock County. Furthermore, the insurance contract between the parties was to be fulfilled in this County.

18. To the extent any Defendant is an out-of-state entity or resident, they are subject to W. Va. § 56-3-33 by engaging in business transactions and tortious acts that caused injury in West Virginia related to this insured Property. All Defendants should reasonably anticipate being hauled into a West Virginia court for claims arising from the insurance of a West Virginia property.

**FACTUAL BACKGROUND**

19.     Plaintiff hereby incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint as if fully restated herein.

20.     Plaintiff is the named insured under a commercial property insurance policy issued by Hartford.

21.     This policy was in full force and effect at all relevant times, including on January 24, 2025.

22.     The policy provides coverage for direct physical loss or damage to the insured premises at 3129 Pennsylvania Avenue, Weirton, West Virginia.

23.     Plaintiff paid all premiums due and satisfied all conditions precedent required under the policy.

24.     Prior to mid-2023, the Property was utilized regularly as a dental office in which Plaintiff would see patients.

25.     In or about mid-2023, Plaintiff modified the use and occupancy of the Property to serve as a secure storage facility for business records and as a location where patients were periodically treated.

26.     As a result, at the time of the incident on January 24, 2025, the Property's "customary operations" included its continued use as a secure storage facility for business records and as a location for occasional, emergency dental treatment provided by Dr. Emami, consistent with the Property's modified but ongoing occupancy and use.

27.     Recognizing that the change in use of the Property may impact insurance coverage, Plaintiff proactively notified its insurance agent, Defendant Dyste Williams, of the change in customary operations on or about September 5, 2023.

28.     Plaintiff expressly inquired about any necessary adjustments to their insurance coverage given the reduced occupancy and relied on the expertise of the Dyste Defendants to procure proper coverage or advise of any issues.

29.     After being informed of the change in use, the Dyste Defendants did not take any action to modify Plaintiff's policy or add any endorsements to address potential vacancy issues.

30.     The Dyste Defendants failed to warn or advise Plaintiff that a prolonged vacancy or reduced occupancy could limit or exclude coverage for certain perils.

31.     By remaining silent and continuing to service the policy without change, the Dyste Defendants effectively represented to Plaintiff that its existing insurance coverage was adequate and would remain in place despite the change in building use.

32.     Plaintiff, lacking specialized insurance knowledge, reasonably relied on its agent's expertise and assumed that if any coverage issue existed, the agent would have alerted them or taken corrective measures.

33.     At all relevant times, Plaintiff maintained the Property in good condition consistent with its customary operations as a records storage facility and site for emergency patient care. Plaintiff conducted regular inspections of the Property to ensure the safety and functionality of essential systems, including heating, plumbing, and utilities.

34.     At all times, Plaintiff exercised due diligence and acted as reasonable property owners to protect the Property from winter-related damage.

35.     On or about January 24, 2025, despite Plaintiff's precautions, the Property suffered a sudden and significant water damage event.

36.     A severe cold spell caused the water pipes at the Property to freeze and burst. As a result, large volumes of water emptied inside the building.

37.    The flooding caused extensive damage to the interior, including but not limited to damage to walls, floors, ceilings, electrical systems, fixtures, and contents.

38.    Initial inspections showed that the Property sustained structural wetting, mold risk, and damage requiring substantial remediation and reconstruction.

39.    Plaintiff discovered the loss promptly and took immediate action to mitigate further harm, including arranging for emergency water extraction and drying services to prevent additional damage such as mold growth or structural deterioration.

40.    Plaintiff incurred significant costs for these emergency mitigation efforts.

41.    Plaintiff timely reported the loss to Defendants as a claim under their commercial property policy.

42.    Plaintiff provided all information reasonably requested by Hartford and cooperated fully with the insurance company's investigation of the claim.

43.    On February 10, 2025, Defendant Hartford issued a reservation of rights letter stating that Hartford was investigating the claim and has requested utility bills for the last year to confirm heat was maintained in the building.

44.    Two days later, on February 12, 2025, Hartford issued a written denial of Plaintiff's insurance claim, asserting that the Property was "vacant" as defined in the policy and therefore excluded from coverage under the policy's Vacancy Provisions; specifically, Hartford alleged that because the Property had not been utilized for "customary operations" for more than 60 consecutive days prior to the January 24, 2025 loss, the policy excluded coverage for water damage resulting from frozen plumbing, and that no exception applied

45.    Plaintiff promptly disputed the denial because Hartford had no reasonable basis to deny the claim.

46. Under West Virginia law, the knowledge and actions of Defendants Nels E. Dyste and Dyste Williams are legally imputed to the insurer, Hartford.

47. West Virginia Code §33-12-22 provides that an insurance agent who solicits an insurance application shall be deemed the agent of the insurer, not of the insured, regarding any duties or liabilities related to the insurance transaction.

48. Accordingly, when Plaintiff notified the Dyste Defendants in 2023 about the change in customary operations and sought appropriate coverage, that notice is considered notice to Hartford itself.

49. Hartford, through its agent, effectively knew of the vacancy or change in use yet continued the policy in force. Therefore, Hartford cannot be allowed to claim it was unaware of the vacancy or relying on any vacancy-related exclusion, since its own agent was informed and did not act. Any failure by the agent to properly handle that information falls upon Hartford as well as the agent.

50. Hartford's handling of the claim was done in bad faith. Hartford either failed to conduct a reasonable investigation into the facts before denying the claim, or it intentionally misinterpreted the facts/policy to deny a valid claim.

51. After Plaintiff challenged the denial, the matter was escalated within Hartford's claims department.

52. In or around mid-2025, Hartford's representatives acknowledged that the claim may have been wrongfully denied. In fact, Hartford indicated it was considering making an "ex gratia" payment to Plaintiff.

53. The very fact that Hartford contemplated an ex gratia payment demonstrates that Hartford knew it had no valid justification to deny the claim in the first place, and that the denial

was not based on a clear contractual bar but rather on a harsh technicality or erroneous claim handling. Despite this, Hartford has not paid Plaintiff any amount of the loss. Hartford's conduct forced Plaintiff to hire legal counsel and initiate this litigation to recover policy benefits and other damages.

54.     As a direct and proximate result of Hartford's actions and inactions, Plaintiff has suffered substantial and ongoing damages in an amount exceeding the jurisdictional limits of this Court. These damages include, but are not limited to, the unpaid insurance proceeds for repair and restoration of the Property; significant out-of-pocket expenses for remediation and emergency response; business interruption losses; the loss of use of the Property; and depreciation in the Property's market value due to the damages and delays in repair. These harms have caused ongoing economic loss, inconvenience, and aggravation, and Plaintiffs are further entitled to prejudgment interest on amounts wrongfully withheld.

## COUNT I

55.     Plaintiff hereby incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint as if fully restated herein.

56.     Plaintiff and Defendant Hartford entered into a valid and binding insurance contract. Under this policy, Plaintiff agreed to pay premiums and comply with certain conditions, and in exchange Hartford promised to insure the Property and pay for direct physical loss or damage to the insured property.

57.     Plaintiff has fulfilled all their obligations under the insurance contract. Premiums were paid in full, and any and all conditions precedent to coverage were satisfied, excused, or waived. At the time of the loss, the policy was active and had not been voided or canceled.

58.    The water damage that occurred on January 24, 2025 was a peril insured against under the policy. There is no applicable exclusion that validly bars coverage for this loss under the circumstances.

59.    Although the policy contains a "vacancy" provision, the Property was not "vacant" as defined in the policy, as the building was used in its customary operations at the time of the loss.

60.    Moreover, Hartford was aware of the change in customary operations and did not cancel the policy or add any restrictive endorsements, thus accepting the risk and premium despite any purported "vacancy."

61.    Plaintiff further assert that Hartford waived or is estopped from enforcing "vacancy" condition because its agent was notified of the situation and continued coverage.

62.    Hartford's outright denial of the claim constitutes a breach of the insurance contract. By failing to indemnify Plaintiff for a covered loss, Hartford failed to perform its contractual obligations. Hartford's breach was material and has caused substantial damage to Plaintiffs.

63.    As a direct and proximate result of Hartford's breach of contract, Plaintiff has suffered substantial and ongoing damages in an amount exceeding the jurisdictional limits of this Court. These damages include, but are not limited to, the unpaid insurance proceeds for repair and restoration of the Property; significant out-of-pocket expenses for remediation and emergency response; business interruption losses; the loss of use of the Property; and depreciation in the Property's market value. These harms have caused ongoing economic loss, inconvenience, and aggravation, and Plaintiff is further entitled to prejudgment interest on amounts wrongfully withheld.

## COUNT II

64.     Plaintiff hereby incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint as if fully restated herein.

65.     Under West Virginia law, an insurer owes a common law duty of good faith and fair dealing to its insured. This duty is implied in every insurance contract. In the context of first-party insurance, this means the insurer must handle the insured's claim fairly, promptly, and with reasonable care. An insurer may not unreasonably refuse to pay a valid claim, force the insured to endure unnecessary delay or litigation, or otherwise put the insurer's interests above the insured's valid rights to coverage.

66.     Hartford breached its duty of good faith and fair dealing owed to Plaintiffs by engaging in unfair, deceptive, and unreasonable claims handling practices, including but not limited to: (a) refusing to pay Plaintiffs' property damage claim without a legitimate or reasonably debatable basis; (b) conducting a superficial, outcome-oriented investigation that ignored material facts supporting coverage and failed to consider Plaintiffs' ongoing use and maintenance of the Property; and (c) misrepresenting or selectively emphasizing policy provisions related to vacancy and freezing in a manner designed to deny coverage that Plaintiffs reasonably expected to have.

67.     Despite being informed of the modified occupancy and continuing to accept premiums without objection or endorsement, Hartford later invoked exclusions only after a covered loss occurred effectively engaging in post-loss underwriting.

68.     Hartford's actions were not the result of mistake or oversight, but a willful attempt to avoid its contractual obligations by reinterpreting policy terms in bad faith, contrary to West Virginia law and public policy.

69.     By denying a clearly covered claim outright, Hartford has compelled Plaintiff to institute litigation to recover amounts due under the policy.

70.     Hartford's conduct was willful, wanton, and in reckless disregard of the rights of Plaintiff. Hartford knew, or at the very least should have known, that Plaintiff's claim was valid and covered, yet it denied the claim regardless.

71.     Upon information and belief, internal communications and Hartford's later acknowledgment of an intended ex gratia payment demonstrate that Hartford recognized its obligation or the weakness of its denial position. Nonetheless, Hartford intentionally withheld benefits, leveraging its superior bargaining position in hopes Plaintiff would abandon its claim.

72.     Under West Virginia's common law, "actual malice" in an insurance context is established when an insurer actually knows the claim is proper but willfully, maliciously, and intentionally denies the claim. Hartford's actions meet this definition of actual malice or, at minimum, a reckless indifference to their rights.

73.     As a proximate result of Hartford's bad faith conduct, Plaintiff has suffered additional damages beyond the policy benefits.

74.     Plaintiff has incurred substantial economic losses that they would not have, had Hartford honored its obligations. This includes having to finance repairs themselves and other financial hardships caused by the lack of insurance funds.

75.     Plaintiff has suffered worry, emotional distress, aggravation, and loss of peace of mind from being unfairly denied coverage.

76.     Plaintiff has been forced to hire attorneys and initiate legal action to obtain what should have been paid voluntarily. Under West Virginia common law, when an insured substantially prevails in a property damage suit against their insurer, they are entitled to recover

their reasonable attorneys' fees and litigation expenses from the insurer. Plaintiff seeks recovery of all such fees and costs incurred in pursuing this action, as a result of Hartford's bad faith refusal to pay the claim.

77.     Additionally, because Hartford's conduct was willful, malicious, and in reckless disregard of Plaintiff's rights, punitive damages are warranted to deter such conduct and punish Hartford. Plaintiff seeks punitive damages in an amount to be determined, to the extent permitted by law, upon proving that Hartford acted with actual malice or wanton indifference to their rights.

## COUNT III

78.     Plaintiff hereby incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint as if fully restated herein.

79.     This Count is brought under the West Virginia Unfair Trade Practices Act ("UTPA"), specifically W. Va. Code § 33-11-4(9), which prohibits insurers from engaging in unfair or deceptive acts or practices in the business of insurance, including unfair claim settlement practices.

80.     At all relevant times, Hartford was engaged in the business of insurance and was subject to the requirements of the UTPA.

81.     W. Va. Code § 33-11-4(9) enumerates a list of unfair claim settlement practices and states that no person shall commit or perform any of the following acts "with such frequency as to indicate a general business practice". Among the prohibited practices are:

a)  Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue. (Subsection (a))

b)  Failing to adopt and implement reasonable standards for the prompt investigation of claims. (Subsection (c))

c) Refusing to pay claims without conducting a reasonable investigation based upon all available information. (Subsection (d))

d) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear. (Subsection (f))

e) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered. (Subsection (g))

f) Failing to promptly provide a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim. (Subsection (n))

82.    Hartford, in handling Plaintiff's claim, engaged in several of the above unfair claims settlement practices:

a) Hartford refused to pay Plaintiff's claim without conducting a reasonable investigation based on all available information.

b) Although coverage was reasonably clear given the circumstances, Hartford did not attempt in good faith to effectuate a prompt and fair settlement. Hartford's response was to deny the claim outright, rather than negotiate or acknowledge coverage of any part of the loss.

c) By offering nothing on the claim and adhering to a hardline denial, Hartford has forced Plaintiff to file this lawsuit to recover what is due under the policy.

d) Hartford failed to promptly or adequately explain the basis for its denial in relation to the facts. The denial letter provided to Plaintiff was cursory and did not detail how Hartford concluded the building was "vacant" under the policy definition.

   e)  Hartford misrepresented pertinent policy provisions or facts by mischaracterizing the scope of the "vacancy" clause to suggest no coverage when, in fact, coverage should have been afforded under the true policy terms in light of Hartford's known customary operations conducted by Plaintiff at the Property.

83.    The above actions by Hartford were not isolated incidents or inadvertent errors; upon information and belief, they reflect a general business practice of unfairly limiting or denying valid claims. Hartford's handling of Plaintiff's claim involved multiple violations of the UTPA within this single claim.

84.    Upon information and belief, Hartford has engaged in similar claim denial tactics in other claims, evidencing a company policy or practice to misconstrue exclusions and conduct inadequate investigations to minimize payouts.

85.    Hartford's conduct, as described herein, was willful, wanton, and in reckless disregard of the rights of insureds, indicating it was part of its general business practice rather than an honest mistake.

86.    As a direct result of Hartford's violations of the Unfair Trade Practices Act, Plaintiff has sustained damages including, but not limited to: (a) the amounts owed under the policy for the covered loss, which remain unpaid; (b) increased costs and expenses arising from the failure to receive timely payment, including interest, additional property damage or deterioration caused by repair delays, and expenses incurred in pursuing the claim such as attorneys' fees, expert fees, and other litigation costs; and (c) damages for aggravation, inconvenience, and emotional distress resulting from Hartford's unfair and unreasonable claims handling.

87.    Plaintiff has suffered worry, emotional distress, aggravation, and loss of peace of mind from being unfairly denied coverage.

88.    Plaintiff further seeks an award of punitive damages against Hartford based on its willful, wanton, and reckless disregard for their rights in connection with the handling and denial of their insurance claim, in an amount necessary to punish Hartford's misconduct and to deter future unlawful and bad-faith claim practices.

**COUNT IV**

89.    Plaintiff hereby incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint as if fully restated herein.

90.    At all relevant times, the Dyste Defendants acted as Plaintiff's insurance agents and brokers for the procurement and servicing of commercial property insurance coverage on the Property.

91.    As Plaintiffs' insurance professionals, the Dyste Defendants owed Plaintiff a duty to exercise reasonable care, skill, and diligence in procuring appropriate insurance coverage, advising Plaintiff on material risks, and ensuring that the coverage in place was adequate for the disclosed use and occupancy of the Property.

92.    In 2023, Plaintiff informed the Dyste Defendants of a change in the use and occupancy of the Property, including that the building would no longer operate as a full-time dental office and would instead be used primarily for file storage and occasional emergency patient visits. Plaintiff reasonably relied on the Dyste Defendants to take any steps necessary to ensure coverage remained appropriate or, at a minimum, to advise Plaintiff of any risk of non-coverage related to such a change.

93.    The Dyste Defendants breached their duty of care by failing to take action to adjust, endorse, or replace the policy in light of the change in occupancy; by failing to warn Plaintiff of material exclusions or limitations triggered by vacancy or intermittent use; and by allowing the

policy to remain in place without disclosing that coverage could be denied on that basis. In doing so, the Dyste Defendants failed to act as reasonably prudent insurance professionals would under the circumstances.

94.    As a direct and proximate result of the Dyste Defendants' negligence, Plaintiff was unaware of coverage limitations and remained exposed to a significant risk of denial, which ultimately materialized when Hartford denied coverage based on the vacancy exclusion.

95.    Plaintiff has therefore suffered significant damages, including the uninsured or unreimbursed cost of property repairs, out-of-pocket expenses, loss of use, diminution in property value, and associated aggravation and inconvenience.

## COUNT V

96.    Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint as if fully stated herein.

97.    The Dyste Defendants, acting as Plaintiff's insurance agents and advisors, had a duty to exercise reasonable care in providing information regarding the scope, applicability, and adequacy of Plaintiff's commercial property insurance coverage.

98.    In response to Plaintiff's express disclosure of a change in customary operations of the insured Property in 2023, the Dyste Defendants negligently misrepresented, through silence, omission, and continued policy servicing, that the insurance coverage would remain adequate and effective. They failed to disclose material facts, including that vacancy-related exclusions could apply.

99.    These representations and omissions were made in the course of Defendants' business, without reasonable care or diligence, and with the expectation that Plaintiff would rely on the information provided. Plaintiff did, in fact, justifiably rely on the Dyste Defendants'

representations in maintaining the policy without modification and in refraining from taking alternative steps to protect the Property or secure additional coverage.

100.    As a direct and proximate result of that reliance, Plaintiff suffered significant harm, including but not limited to insurance benefits, emergency mitigation expenses, travel and supervisory costs, depreciation in property value, and other economic losses. Plaintiff further seeks compensation for inconvenience, aggravation, and emotional distress, together with pre- and post-judgment interest and any other relief the Court deems just and proper.

## COUNT VI

101.    Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint as if fully stated herein.

102.    At all relevant times, Defendants, through their communications, actions, omissions, and course of dealing, represented to Plaintiff that the insurance coverage in place for the Property would remain effective and applicable, even in light of Plaintiff's disclosed change in customary operations being conducted at the Property. Plaintiff reasonably relied on those representations in continuing the policy, maintaining the Property under the adjusted operational model, and refraining from seeking alternative or supplemental coverage.

103.    Specifically, in or about September 2023, Plaintiff notified the Dyste Defendants of the modified use of the Property, including its function as a records storage location and site for occasional emergency dental care. Despite this disclosure, the Dyste Defendants made no recommendation to amend the policy, no effort to secure an appropriate endorsement, and no warning that the existing coverage might be compromised due to a vacancy exclusion.

104.    Defendants' continued servicing of the policy and acceptance of premiums without objection or clarification affirmatively reinforced Plaintiff's belief that coverage remained intact.

105.    By continuing to service the policy, renewing it without qualification, and accepting premiums without objection, Defendants made clear and implied promises that insurance coverage remained in force and effective despite the change in use.

106.    Plaintiff reasonably and foreseeably relied on those assurances to their detriment by continuing with the existing policy, refraining from seeking alternative or supplemental coverage, and maintaining the Property consistent with the disclosed operational model.

107.    As a direct result of such reliance, Plaintiff suffered substantial harm when the claim was later denied on grounds that were inconsistent with the representations made by Defendants.

108.    As a direct and proximate result of Plaintiff's reliance on Defendants' conduct and assurances, Plaintiff suffered substantial harm, including the denial of insurance benefits, out-of-pocket repair and mitigation expenses, business interruption losses, loss of use, and other damages detailed herein.

109.    Plaintiff would have acted differently, by obtaining alternative insurance, taking additional precautions, or adjusting property use, had Defendants disclosed their intent to deny coverage under these circumstances.

110.    Accordingly, under the equitable doctrine of promissory estoppel, Defendants should be barred from asserting policy exclusions that contradict the expectations they fostered through their representations and silence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Nasser Emami DMD DDS, Inc. n/k/a Nasser Emami Holdings, LLC respectfully request that the Court enter judgment in their favor and against Defendants

Sentinel Insurance Company, Ltd. (d/b/a The Hartford), Dyste Williams, and Nels E. Dyste, jointly and severally as applicable, and award the following relief:

A. Compensatory Damages, in an amount to be determined at trial, but in excess of the jurisdictional minimum of this Court, including but not limited to insurance proceeds wrongfully withheld under the policy; out-of-pocket repair and restoration costs; consequential and incidental damages, including those arising from delayed repairs, mitigation efforts, travel, and supervision; business interruption losses and loss of use of the Property; depreciation in the market value of the Property; and damages for aggravation, inconvenience, and emotional distress.

B. Attorneys' Fees and Costs incurred in bringing this action, as recoverable under West Virginia law for prevailing insureds in breach of contract and bad faith insurance actions, including under the Hayseeds doctrine, and under the West Virginia Unfair Trade Practices Act.

C. Pre- and Post-Judgment Interest at the maximum legal rate on all amounts awarded, accruing from the date of loss or wrongful denial.

D. Punitive Damages against one or more Defendants, in an amount sufficient to punish and deter willful, wanton, or malicious misconduct and egregious violations of law, including but not limited to violations of the West Virginia Unfair Trade Practices Act and common law bad faith.

E. Equitable Relief, including but not limited to estoppel or declaratory relief enforcing Defendants' prior representations or promises regarding coverage and barring Defendants from relying on exclusions they failed to disclose.

F. Any and All Other Relief that the Court deems just and proper under the circumstances.

NASSER EMAMI DMD, DDS INC., n/k/a
NASSER EMAMI HOLDINGS, LLC

By _____
    Of Counsel

Carl A. Frankovitch, Esq. (WV ID #12150)
Adriana C. DiMatteis, Esq. (WV ID #14445)
FRANKOVITCH, ANETAKIS, SIMON,
DECAPIO & PEARL, LLP
337 Penco Road
Weirton, WV 26062
(304) 723-4400

# COVER SHEET

E-FILED | 2/11/2026 5:06 PM
CC-15-2026-C-16
Hancock County Circuit Clerk
Sheena R. Connors

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF HANCOCK COUNTY WEST VIRGINIA

**Nasser Emami DMD DDS, Inc. v. SENTINEL INSURANCE COMPANY, LTD.**

**First Plaintiff:**  ☑ Business  ☐ Individual  **First Defendant:**  ☑ Business  ☐ Individual
  ☐ Government  ☐ Other    ☐ Government  ☐ Other

**Judge:**  Joseph E. Barki

## COMPLAINT INFORMATION

**Case Type:**  Civil    **Complaint Type:**  Contract

**Origin:**  ☑ Initial Filing  ☐ Appeal from Municipal Court  ☐ Appeal from Magistrate Court

**Jury Trial Requested:**  ☐ Yes  ☑ No    **Case will be ready for trial by:**

**Mediation Requested:**  ☐ Yes  ☑ No

**Substantial Hardship Requested:**  ☐ Yes  ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

  ☐ Wheelchair accessible hearing room and other facilities

  ☐ Interpreter or other auxiliary aid for the hearing impaired

  ☐ Reader or other auxiliary aid for the visually impaired

  ☐ Spokesperson or other auxiliary aid for the speech impaired

  ☐ Other:

☐ I am proceeding without an attorney

☑ I have an attorney:  Carl Frankovitch, 337 Penco Rd , Weirton, WV 26062

## SERVED PARTIES

**Name:**     SENTINEL INSURANCE COMPANY, LTD.

**Address:**    c/o CT Corporation System 5098 Washington St. West, Ste. 407, Charleston WV 25313

**Days to Answer:** 30          **Type of Service:** Circuit Clerk - Certified Mail - Including Copy Fee

---

**Name:**     Dyste Williams Agency

**Address:**    6465 Wayzata Blvd #700, Minneapolis MN 55426

**Days to Answer:** 30          **Type of Service:** Circuit Clerk - Certified Mail - Including Copy Fee

---

**Name:**     Nels E. Dyste

**Address:**    6465 Wayzata Blvd #700, Minneapolis MN 55426

**Days to Answer:** 30          **Type of Service:** Circuit Clerk - Certified Mail - Including Copy Fee

# SUMMONS

E-FILED | 2/11/2026 5:06 PM
CC-15-2026-C-16
Hancock County Circuit Clerk
Sheena R. Connors

## IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA
### Nasser Emami DMD DDS, Inc. v. SENTINEL INSURANCE COMPANY, LTD.

Service Type:    Circuit Clerk - Certified Mail - Including Copy Fee

NOTICE TO:    SENTINEL INSURANCE COMPANY, LTD., c/o CT Corporation System, 5098 Washington St. West, Ste. 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Carl Frankovitch, 337 Penco Rd, , Weirton, WV 26062

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

2/11/2026 5:06:59 PM
Date

/s/ Sheena R. Connors
Clerk

RETURN ON SERVICE:

☐    Return receipt of certified mail received in this office on _____

☐    I certify that I personally delivered a copy of the Summons and Complaint t _____

_____

☐    I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to

_____ , someone who is eighteen (18) years of age or above and resides there.

☐    I certify that I personally delivered a copy of the Summons and Complaint to _____ , an agent or attorney-

in-fact authorized by appointment or statute to receive service of process for the individual.

☐    I have reviewed documentation authorizing the above-named person to accept service on

behalf of the individual named on the summons.

☐    I have not reviewed documentation authorizing the above-named person to accept service

on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

_____
Date

_____
Server's Signature

# SUMMONS

## IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

### Nasser Emami DMD DDS, Inc. v. SENTINEL INSURANCE COMPANY, LTD.

Service Type:    Circuit Clerk - Certified Mail - Including Copy Fee

NOTICE TO:    Dyste Williams Agency, 6465 Wayzata Blvd #700, Minneapolis, MN 55426

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Carl Frankovitch, 337 Penco Rd, , Weirton, WV 26062

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

2/11/2026 5:06:59 PM                    /s/ Sheena R. Connors

Date                                    Clerk

RETURN ON SERVICE:

☐    Return receipt of certified mail received in this office on _____

☐    I certify that I personally delivered a copy of the Summons and Complaint t _____

☐    I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to _____ , someone who is eighteen (18) years of age or above and resides there.

☐    I certify that I personally delivered a copy of the Summons and Complaint to _____ , an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐    I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐    I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐    Not Found in Bailiwick

_____            _____

Date                        Server's Signature

**SUMMONS**

E-FILED | 2/11/2026 5:06 PM
CC-15-2026-C-16
Hancock County Circuit Clerk
Sheena R. Connors

## IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA
### Nasser Emami DMD DDS, Inc. v. SENTINEL INSURANCE COMPANY, LTD.

Service Type:     Circuit Clerk - Certified Mail - Including Copy Fee

NOTICE TO:   Nels E. Dyste, 6465 Wayzata Blvd #700, Minneapolis, MN 55426

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Carl Frankovitch, 337 Penco Rd, , Weirton, WV 26062

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

2/11/2026 5:06:59 PM                          /s/ Sheena R. Connors
_____                          _____
Date                                              Clerk

RETURN ON SERVICE:

☐   Return receipt of certified mail received in this office on _____

☐   I certify that I personally delivered a copy of the Summons and Complaint t _____

_____

☐   I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to _____ , someone who is eighteen (18) years of age or above and resides there.

☐   I certify that I personally delivered a copy of the Summons and Complaint to _____ , an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐   I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐   I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

_____                    _____
Date                                              Server's Signature

# EXHIBIT 2-B



West Virginia E-Filing Notice

CC-15-2026-C-16

Judge: Joseph E. Barki

**To:** Carl Anderson Frankovitch
CFRANKOVITCH@FASLAW.COM

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

Nasser Emami DMD DDS, Inc. v. SENTINEL INSURANCE COMPANY, LTD.

CC-15-2026-C-16

The following supporting documents was FILED on 2/12/2026 8:42:53 AM

Notice Date:     2/12/2026 8:42:53 AM

Sheena R. Connors

CLERK OF THE CIRCUIT COURT

Hancock County

PO Box 428

NEW CUMBERLAND, WV 26047

(304) 564-3311

Sheena.Connors@courtswv.gov

9414 7266 9904 2212 2423 72

| | | | |
|---|---|---|---|
| Certified Mail Fee | $ | 3.55 | |
| Return Receipt (Hardcopy) | $ | 2.85 | |
| Return Receipt (Electronic) | $ | 0.00 | |
| Certified Mail Restricted Delivery | $ | 0.00 | Postmark Here |
| Postage | $ | 0.50 | |
| Total Postage and Fees | $ | 6.90 | |

Sent to:

Nels E. Dyste
6465 Wayzata Blvd #700
Minneapolis, MN 55426

**Reference Information**

26-C-16

PS Form 3800, Facsimile, July 2015

# U.S. Postal Service®
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

## USPS® ARTICLE NUMBER

9414 7266 9904 2212 2423 65

| | | |
|---|---|---|
| Certified Mail Fee | $ 3.55 | |
| Return Receipt (Hardcopy) | $ 2.85 | |
| Return Receipt (Electronic) | $ 0.00 | Postmark Here |
| Certified Mail Restricted Delivery | $ 0.00 | |
| Postage | $ 0.50 | |
| Total Postage and Fees | $ 6.90 | |

Sent to:

Dyste Williams Agency
6465 Wayzata Blvd #700
Minneapolis, MN 55426

## Reference Information

26-C-16

PS Form 3800, Facsimile, July 2015

# U.S. Postal Service®
# CERTIFIED MAIL RECEIPT
*Domestic Mail Only*

## USPS® ARTICLE NUMBER

9414 7266 9904 2212 2423 58

| | | |
|---|---|---|
| Certified Mail Fee | $ | 3.55 |
| Return Receipt (Hardcopy) | $ | 2.85 |
| Return Receipt (Electronic) | $ | 0.00 |
| Certified Mail Restricted Delivery | $ | 0.00 |
| Postage | $ | 0.50 |
| Total Postage and Fees | $ | 6.90 |

Postmark
Here

Sent to:

Sentinel Insurance Company, LTD
c/o CT Corporation System
5098 Washington St. West, Ste. 407
Charleston, WV 25313

## Reference Information

26-C-16

PS Form 3800, Facsimile, July 2015

# EXHIBIT 2-C



West Virginia E-Filing Notice

CC-15-2026-C-16

Judge: Joseph E. Barki

**To:**   Carl Anderson Frankovitch
CFRANKOVITCH@FASLAW.COM

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

Nasser Emami DMD DDS, Inc. v. SENTINEL INSURANCE COMPANY, LTD.

CC-15-2026-C-16

The following service return was FILED on 2/23/2026 8:34:31 AM

Notice Date:      2/23/2026 8:34:31 AM

Sheena R. Connors
CLERK OF THE CIRCUIT COURT
Hancock County
PO Box 428
NEW CUMBERLAND, WV 26047

(304) 564-3311
Sheena.Connors@courtswv.gov

FILED 2/23/2026 8:34 AM
CC-15-2026-C-16
Hancock County Circuit Clerk
Sheena R. Connors



USPS TRACKING #

9590 9266 9904 2212 2423 51

**United States Postal Service®**

● Sender: Please print your name, address and ZIP+4® below ●

CIRCUIT COURT CLERK
PO BOX 428
NEW CUMBERLAND WV 26047-0428



**Return Receipt (Form 3811) Barcode**

9590 9266 9904 2212 2423 51

1. Article Addressed to:

Sentinel Insurance Company, LTD
c/o CT Corporation System
5098 Washington St. West, Ste. 407
Charleston, WV 25313

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2212 2423 58

PS Form 3811, Facsimile, July 2015

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☑ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Mullins    2/17/26

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type:

☒ Certified Mail

Reference Information

26-C-16

Domestic Return Receipt

# EXHIBIT 2-D



West Virginia E-Filing Notice

CC-15-2026-C-16

Judge: Joseph E. Barki

**To:**   Carl Anderson Frankovitch
CFRANKOVITCH@FASLAW.COM

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

Nasser Emami DMD DDS, Inc. v. SENTINEL INSURANCE COMPANY, LTD.

CC-15-2026-C-16

The following service return was FILED on 2/23/2026 8:36:06 AM

Notice Date:      2/23/2026 8:36:06 AM

Sheena R. Connors

CLERK OF THE CIRCUIT COURT

Hancock County

PO Box 428

NEW CUMBERLAND, WV 26047

(304) 564-3311

Sheena.Connors@courtswv.gov



FILED 2/23/2026 8:36 AM
CC-15-2026-C-16
Hancock County Circuit Clerk
Sheena R. Connors

USPS TRACKING #

9590 9266 9904 2212 2423 68

**United States Postal Service®**

● Sender: Please print your name, address and ZIP+4® below ●

CIRCUIT COURT CLERK
PO BOX 428
NEW CUMBERLAND WV 26047-0428



**Return Receipt (Form 3811) Barcode**

9590 9266 9904 2212 2423 68

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

1. Article Addressed to:

.

Dyste Williams Agency
6465 Wayzata Blvd #700
Minneapolis, MN 55426

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type:

☒ Certified Mail

Reference Information

26-C-16

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2212 2423 65

PS Form 3811, Facsimile, July 2015

Domestic Return Receipt

# EXHIBIT 2-E



West Virginia E-Filing Notice

CC-15-2026-C-16

Judge: Joseph E. Barki

**To:**  Carl Anderson Frankovitch
CFRANKOVITCH@FASLAW.COM

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

Nasser Emami DMD DDS, Inc. v. SENTINEL INSURANCE COMPANY, LTD.

CC-15-2026-C-16

The following service return was FILED on 2/23/2026 8:37:34 AM

Notice Date:      2/23/2026 8:37:34 AM

Sheena R. Connors

CLERK OF THE CIRCUIT COURT

Hancock County

PO Box 428

NEW CUMBERLAND, WV 26047

(304) 564-3311

Sheena.Connors@courtswv.gov



FILED 2/23/2026 8:37 AM
CC-15-2026-C-16
Hancock County Circuit Clerk
Sheena R. Connors

**United States**
**Postal Service®**

● Sender: Please print your name, address and ZIP+4® below ●

CIRCUIT COURT CLERK
PO BOX 428
NEW CUMBERLAND WV 26047-0428

USPS TRACKING #

9590 9266 9904 2212 2423 75





Return Receipt (Form 3811) Barcode

**9590 9266 9904 2212 2423 75**

1. Article Addressed to:

Nels E. Dyste
6465 Wayzata Blvd #700
Minneapolis,  MN  55426

2. Certified Mail (Form 3800) Article Number

**9414 7266 9904 2212 2423 72**

PS Form 3811, Facsimile, July 2015

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  |  C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type:

☒ Certified Mail

Reference Information

26-C-16

Domestic Return Receipt

# EXHIBIT 2-F



West Virginia E-Filing Notice

CC-15-2026-C-16

Judge: Joseph E. Barki

**To:** Rachel Lutz
rlutz@dmclaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

Nasser Emami DMD DDS, Inc. v. SENTINEL INSURANCE COMPANY, LTD.

CC-15-2026-C-16

The following supporting documents was FILED on 3/17/2026 12:39:23 PM

Notice Date:      3/17/2026 12:39:23 PM

Sheena R. Connors

CLERK OF THE CIRCUIT COURT

Hancock County

PO Box 428

NEW CUMBERLAND, WV 26047

(304) 564-3311

Sheena.Connors@courtswv.gov



West Virginia E-Filing Notice

CC-15-2026-C-16

Judge: Joseph E. Barki

**To:** SENTINEL INSURANCE COMPANY, LTD.
c/o CT Corporation System
5098 Washington St. West, Ste. 407
Charleston, WV 25313

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

Nasser Emami DMD DDS, Inc. v. SENTINEL INSURANCE COMPANY, LTD.

CC-15-2026-C-16

The following supporting documents was FILED on 3/17/2026 12:39:23 PM

Notice Date:      3/17/2026 12:39:23 PM

Sheena R. Connors
CLERK OF THE CIRCUIT COURT
Hancock County
PO Box 428
NEW CUMBERLAND, WV 26047

(304) 564-3311
Sheena.Connors@courtswv.gov



West Virginia E-Filing Notice

CC-15-2026-C-16

Judge: Joseph E. Barki

**To:** Carl Anderson Frankovitch
CFRANKOVITCH@FASLAW.COM

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

Nasser Emami DMD DDS, Inc. v. SENTINEL INSURANCE COMPANY, LTD.

CC-15-2026-C-16

The following supporting documents was FILED on 3/17/2026 12:39:23 PM

Notice Date:      3/17/2026 12:39:23 PM

Sheena R. Connors

CLERK OF THE CIRCUIT COURT

Hancock County

PO Box 428

NEW CUMBERLAND, WV 26047

(304) 564-3311

Sheena.Connors@courtswv.gov



West Virginia E-Filing Notice

CC-15-2026-C-16

Judge: Joseph E. Barki

**To:**  Melvin F. O'Brien
mobrien@dmclaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

Nasser Emami DMD DDS, Inc. v. SENTINEL INSURANCE COMPANY, LTD.

CC-15-2026-C-16

The following supporting documents was FILED on 3/17/2026 12:39:23 PM

Notice Date:      3/17/2026 12:39:23 PM

Sheena R. Connors

CLERK OF THE CIRCUIT COURT

Hancock County

PO Box 428

NEW CUMBERLAND, WV 26047

(304) 564-3311

Sheena.Connors@courtswv.gov

E-FILED | 3/17/2026 12:35 PM
CC-15-2026-C-16
Hancock County Circuit Clerk
Sheena R. Connors

## IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

NASSER EMAMI DMD DDS, INC.
n/k/a NASSER EMAMI HOLDINGS, LLC

                Plaintiffs,

vs.

SENTINEL INSURANCE COMPANY,
LTD. d/b/a THE HARTFORD,
DYSTE WILLIAMS AGENCY, and
NELS E. DYSTE,

                Defendants.

Civil Action No.: 26-C-16

Judge: Joseph E. Barki

### STIPULATION EXTENDING TIME TO RESPOND TO COMPLAINT

Pursuant to Rule 20.01 of the West Virginia Trial Court Rules, Plaintiff, Nasser Emami DMD DDS, Inc. n/k/a Nasser Emami Holdings, LLC, and Defendants, Dyste Williams Agency and Nels E. Dyste ("Dyste Defendants"), by and through their respective counsel, hereby stipulate and agree that the time for Dyste Defendants to answer or otherwise respond to the Complaint is extended for fourteen (14) days from March 18, 2026, up to and including April 1, 2026.

Respectfully submitted,

*Carl A. Frankovitch*
Carl A. Frankovitch, Esq. (WV ID #12150)
Adriana C. DiMatteis, Esq. (WV ID #14445)
FRANKOVITCH, ANETAKIS, SIMON,
DECAPIO & PEARL, LLP
337 Penco Road
Weirton, WV 26062
(304) 723-4400
*Counsel for Plaintiff*

35505208.1

DICKIE, MCCAMEY & CHILCOTE, L.C.

By: */s/ Rachel E. Lutz*
Melvin F. O'Brien, Esquire (WV #6797)
Rachel E. Lutz, Esquire (WV #14010)
2001 Main Street, Suite 501
Wheeling, WV 26003
Phone: 304 233-1022
Fax: 888-811-7144
E-mail:  mobrien@dmclaw.com
        rulutz@dmclaw.com

*Counsel for Dyste Defendants*